# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREGORY A. HAYES, TRUSTEE OF THE LOUIS S. IMBROGNO, JR. 2003 DYNASTY TRUST, U/A DATED JUNE 6, 2003, LOUIS S. IMBROGNO, JR., AS GRANTOR, AND MICHAEL N. DELGASS, AS ORIGINAL TRUSTEE,<br><br>*Plaintiff*,<br><br>v.<br><br>DANIEL B. IMBROGNO, and JENNIFER DEVIVO,<br><br>*Defendants.* | Civil Case No.: 1:21 CV 11306 |

## VERIFIED COMPLAINT

Plaintiff Gregory A. Hayes, Trustee of the Louis S. Imbrogno, Jr. 2003 Dynasty Trust, U/A dated June 6, 2003, Louis S. Imbrogno, Jr., as Grantor, and Michael N. Delgass, as Original Trustee ("the "Trustee"), by and through his undersigned counsel, Day Pitney LLP, alleges as follows:

## INTRODUCTION

This action is based on the failure of defendants to repay the remaining balance due to Trustee on a loan made in 2009.

## PARTIES

1. Plaintiff Gregory A. Hayes is the trustee of the Louis S. Imbrogno, Jr. 2003 Dynasty Trust, U/A dated June 6, 2003, Louis S. Imbrogno, Jr., as Grantor, and Michael N. Delgass, as Original Trustee, an irrevocable trust, and he is a citizen and resident of the state of Connecticut.

2. Defendant Daniel B. Imbrogno ("Imbrogno") is a citizen and resident of the Commonwealth of Massachusetts with an address of 10 Crow Hollow Road, Vineyard Haven, Massachusetts.

3. Defendant Jennifer Devivo ("Devivo") is a citizen and resident of the Commonwealth of Massachusetts with an address of 10 Crow Hollow Road, Vineyard Haven, Massachusetts.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). This action is between citizens of different states, and the amount-in-controversy exceeds $75,000, excluding interest and costs.

5. The Court has personal jurisdiction over Imbrogno and Devivo (collectively, the "Defendants") because each Defendant: (1) is or was a resident of or domiciled in the Commonwealth of Massachusetts; or (2) committed an act or acts within the Commonwealth of Massachusetts out of which this action arises, including executing loan documents governed by Massachusetts law.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 for both of the Defendants because it is a district in which a defendant resides and it is where a substantial part of the events or omissions giving rise to this action occurred.

**BACKGROUND**

7. This action arises out of Defendants' obligations to repay a loan in the original principal amount of $529,626.97 pursuant to the terms of a promissory note (the "Note") dated October 1, 2009 and executed by Defendants. Attached as Exhibit A is a true and accurate copy of the Note.

8. Trustee is the holder of the Note and has the right to enforce the Note.

9. Pursuant to the terms of the Note, Trustee made a loan in the original principal amount of $529,626.97 to Defendants (the "Loan"). *Id.*

10. By signing the Note on October 1, 2009, Defendants agreed to repay Trustee, or any subsequent lender, the following amounts pursuant to the terms set forth in the Note:

   (a) the principal amount of the Loan;

   (b) accrued interest;

   (c) "all costs and expenses, including reasonable attorneys' fees incurred in the collection of this Note, [] or any litigation or controversy arising from or connection with this Note"; and

   (d) Taxes assessed against the Note or the subject property located at 10 Crow Hollow Road, Vineyard Haven, Massachusetts. *Id.*

11. The Note provided that interest at the rate of 2.66% would accrue on the outstanding unpaid principal and would be compounded annually. *Id.* ¶1.

12. The Note further provided that "[a]ccrued interest under th[e] Note shall be due and payable on the last day of each calendar year in which any amount due under this Note remains unpaid, with the first installment due on December 31, 2009. *Id.* ¶2(a).

13. On July 20, 2021, Trustee forwarded a letter (the "Demand Letter") through counsel to Defendants demanding that they pay the entire principal balance plus accrued interest (the "Outstanding Debt") by July 31, 2021. Attached as <u>Exhibit B</u> is a true and accurate copy of the Demand Letter.

14. Defendants have failed and refused to pay the Outstanding Debt.

## COUNT I
**(Breach of Contract against Defendants)**

15. Trustee incorporates by reference the allegations in paragraph 1 through 14 as if set forth as paragraphs 1 through 14 of Count I.

16. Defendants have failed to satisfy their obligations under the Note and breached the terms of the Note.

17. As a result of the breach by Defendants, Trustee has been damaged. Pursuant to the terms of the Note, Defendants also are obligated to pay all of Trustee's costs and expenses, including reasonable attorneys' fees incurred in the collection of the Note, and any litigation or controversy arising from or connected with the Note.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Trustee respectfully prays for judgment against Defendants as follows:

(1) As to Count I, a judgment that Defendants breached the note, and awarding Trustee compensatory damages in the amount of outstanding principal, interest, late charges, costs, and reasonable attorneys' fees; and

(2) A judgment awarding Trustee his costs associated with this action, pre-judgment interest, post-judgment interest, and all other relief as the Court may deem just and proper.

    Respectfully submitted,

    **GREGORY A. HAYES, TRUSTEE OF LOUIS S. IMBROGNO, JR. 2003 DYNASTY TRUST, U/A DATED JUNE 6, 2003, LOUIS S. IMBROGNO, JR., AS GRANTOR, AND MICHAEL N. DELGASS, AS ORIGINAL TRUSTEE,**

    By his attorneys,

    */s/ Thomas J. O'Neill*
    Thomas J. O'Neill (BBO #559701)
    Day Pitney LLP
    One Stamford Plaza
    263 Tresser Boulevard, 7th Floor
    Stamford, CT 06901
    tjoneill@daypitney.com
    T: (203) 977- 7300
    F: (203) 977- 7301

    Melissa Bruynell Manesse (BBO # 685766)
    Day Pitney LLP
    One International Place
    Boston, MA 02110
    mmanesse@daypitney.com
    T: (617) 345- 4600
    F: (617) 345- 4745

Dated: August 11, 2021

## **VERIFICATION**

I, Gregory A. Hayes, Trustee of the Louis S. Imbrogno, Jr. 2003 Dynasty Trust, U/A dated June 6, 2003, Louis S. Imbrogno, Jr., as Grantor, and Michael N. Delgass, as Original Trustee, am familiar with and have personal knowledge of the facts upon which this action is based. I have read the foregoing Verified Complaint, and the factual allegations contained therein are true based upon my own personal knowledge or information and belief.

Signed under the pains and penalties of perjury this _____ day of August 2021.

_____
Gregory A. Hayes, Trustee of the Louis S.
Imbrogno, Jr. 2003 Dynasty Trust, U/A dated
June 6, 2003, Louis S. Imbrogno, Jr., as
Grantor, and Michael N. Delgass, as Original
Trustee

# EXHIBIT A

JT 9.1d

# MORTGAGE TERM NOTE

$529,626.97                                                                                                          October 1, 2009

**FOR VALUE RECEIVED**, the undersigned DANIEL B. IMBROGBNO and JENNIFER DEVIVO, husband and wife residing at 10 Crow Hollow Road, Vineyard Haven, Massachusetts 02568 (collectively "**Borrower**"), promises to pay to the order of GREGORY A. HAYES, TRUSTEE OF THE LOUIS S. IMBROGNO, JR. 2003 DYNASTY TRUST, U/A DATED JUNE 6, 2003, LOUIS S. IMBROGNO, JR., AS GRANTOR, AND MICHAEL N. DELGASS, AS ORIGINAL TRUSTEE, an irrevocable trust with its situs at c/o Day Pitney LLP, One Canterbury Green, Stamford, Connecticut 06901-2047 ("**Lender**"), or any subsequent Lender hereunder, at the address set forth above or at such other place as Lender may designate from time to time in writing, the principal sum of FIVE HUNDRED TWENTY-NINE THOUSAND SIX HUNDRED TWENTY-SIX DOLLARS AND 97/100 ($529,626.97), together with: (i) interest at the rate and in the manner hereinafter provided; (ii) all amounts that may become due under that certain mortgage dated the date hereof (the "**Mortgage**") securing this Note or under any other document securing the indebtedness evidenced by this Note; (iii) all costs and expenses, including reasonable attorneys' fees incurred in the collection of this Note, the foreclosure of the Mortgage, or any litigation or controversy arising from or connected with this Note or the Mortgage; and (iv) all taxes and duties assessed upon this Note and the property encumbered by the Mortgage.

1.  Interest. Interest on the outstanding principal balance hereof shall accrue from the date hereof at the rate of TWO AND SIXTY-SIX HUNDREDTHS PERCENT (2.66%). Interest shall be compounded annually. Interest shall be calculated on the basis of actual number of days elapsed over a year of three hundred and sixty five (365) days. Interest shall accrue daily.

2.  Payments.

    (a) Accrued interest under this Note shall be due and payable on the last day of each calendar year in which any amount due under this Note remains unpaid, with the first installment due on December 31, 2009.

    (b) The entire principal amount of this Note, and all accrued and unpaid interest, shall be due and payable on the earlier of (i) the month and day of this Note as indicated above in the year 2015, or (ii) such earlier date that this Note becomes due and payable as a result of a default hereunder (the "**Maturity Date**"). Borrower acknowledges and agrees that this is a balloon note and that the entire principal amount of this Note will be outstanding and due and payable on the Maturity Date.

    (c) All amounts owing under this Note and interest thereon shall be payable in legal tender of the United States of America.

3.  Prepayment. Borrower shall have the right to prepay this Note without a prepayment fee or premium, in whole or in part, at any time, together with all accrued but unpaid interest and other charges due hereunder to the date of prepayment. Payments received under

this Note shall be applied first to any costs of collection, then to accrued and unpaid interest, and then to the reduction of principal.

4. Late Charge. If Lender fails to receive any amount of principal and/or interest or any other sum due under this Note or the Mortgage, for ten (10) days after such payment becomes due, whether by acceleration or otherwise, Lender may, at its option, impose a delinquency or late charge equal to five percent (5%) of the total amount of such required payment; provided, however, that if any such delinquency or late charge is in excess of the amount permitted to be charged to Borrower under applicable federal or state law, Lender shall be entitled to collect a delinquency or late charge at the highest rate permitted by law. Any such delinquency or late charge shall not be deemed to be additional interest or a penalty.

5. Default.

(a) The following shall be defaults hereunder: (i) failure to make payment of principal or interest within ten (10) days after the same is due and payable, (ii) failure to make payment of any other sum due hereunder within fifteen (15) days after notice that the same is due and payable; (iii) the filing of a voluntary petition by Borrower under any bankruptcy or insolvency laws, or the filing of an involuntary petition against Borrower with Borrower's consent, or (iv) breach by Borrower of any other provisions of this Note or the Mortgage.

(b) Upon the occurrence of a default hereunder, and so long as such default shall be continuing, the entire amount of principal and interest remaining unpaid hereunder, at Lender's option, shall immediately become due and payable. The failure to exercise any such option or any other right hereunder, or any delay in such exercise, shall not waive the right to exercise such option or any other right at a later time, so long as such default remains uncured, and shall not waive the right to exercise such option or other right upon the occurrence of any other default.

6. Partial Invalidity.

(a) If any one or more of the provisions of this Note shall, for any reason, be held to be invalid, illegal or unenforceable, in whole or in part, or if any one or more of the provisions of this Note shall operate, or would prospectively operate, to invalidate this Note, then in any such event, such provision or provisions only shall be deemed to be null and void and of no force or effect and shall not affect any other provision of this Note. In such event, the remaining provisions of this Note shall remain operative and in full force and effect, shall be valid, legal and enforceable and shall in no way be affected, prejudiced or disturbed thereby.

(b) No course of dealing between Borrower and Lender and no delay or failure on the part of the holder hereof in exercising any power, privilege, remedy, option or right hereunder shall operate as a waiver thereof or of any other; nor shall any single or partial exercise of any power, privilege, remedy, option or right hereunder preclude any other or future exercise thereof or the exercise of any other power, privilege, remedy, option or right; nor shall the holder be liable for exercising or failing to exercise any such power, privilege, remedy, option or right. The rights and remedies expressed herein are cumulative, and may be enforced successively, alternatively, or concurrently and are not exclusive of any rights or remedies that

the holder may or would otherwise have under the provisions of any applicable laws, and under the provisions of any agreements between Borrower and Lender.

7.  Notices. Except for any notice required under applicable law to be given in another manner, any notice to either party shall be sent by private overnight courier service, or shall be sent by certified mail, postage prepaid, return receipt requested, addressed to the recipient at the address stated herein or to such other address as said party may designate by notice to the other as provided herein. Any notice provided for in this Note shall be deemed given on the date delivered or, if mailed, on the third business day after mailing.

8.  Waivers. Borrower and each and every endorser, guarantor and surety of this Note and each other person who may become liable for all or any part of the obligation evidenced hereby, hereby waives demand, presentment for payment, protest, notice of protest and notice of nonpayment of this Note and hereby consents to any number of renewals or extensions of the time of payment hereof. Any such renewal, extension or advance may be made without notice to any of said parties and without affecting the liability of such party or parties hereon. Each of said parties consents to the release or any part or parts of the security for the payment hereof and to the release of any party or parties liable hereon, all without affecting the liability of the other party or parties liable for the payment of this Note. No course of dealing between Borrower and Lender and no delay or failure on the part of Lender in exercising any power, privilege, remedy, option or right hereunder shall operate as a waiver thereof or of any other; nor shall any single or partial exercise of any power, privilege, remedy, option or right hereunder preclude any other or future exercise thereof or the exercise of any other power, privilege, remedy, option or right; nor shall Lender be liable for exercising or failing to exercise any such power, privilege, remedy, option or right.

9.  Binding; Governing Law. This Note shall bind Borrower's heirs, personal representatives, successors and assigns and all endorsers hereto and shall inure to the benefit of Lender, its successors and assigns. This Note shall be governed by and construed in accordance with the laws of the State of Massachusetts. Time is and shall be of the essence in the performance of all obligations of Borrower under this Note. This Note may not be changed or terminated orally, but only by written agreement signed by the party against whom enforcement or any such change or termination is sought.

10. Mortgage. This Note is secured by a Mortgage of even date herewith, mortgaging and granting a security interest in Borrower's residential real property located at 10 Crow Hollow Road, Vineyard Haven, Massachusetts, which Mortgage is or shall be duly recorded on the land records of Dukes County, Massachusetts.

**IN WITNESS WHEREOF**, Borrower has executed this Mortgage Term Note as of the date first above written.

BORROWER:

_____
DANIEL B. IMBROGNO

_____
JENNIFER DEVIVO

# EXHIBIT B

# DAY PITNEY LLP

BOSTON   CONNECTICUT   FLORIDA   NEW JERSEY   NEW YORK   WASHINGTON, DC

**THOMAS J. O'NEILL**
Attorney at Law

One Stamford Plaza, 7th Floor
263 Tresser Boulevard
Stamford, CT 06901
T: (203) 977-7557 F: (203) 399-5893
tjoneill@daypitney.com

July 20, 2021

**VIA OVERNIGHT AND U.S. MAIL**

Jennifer Devivo
10 Crow Hollow Road
Vineyard Haven, MA 02568

Daniel B. Imbrogno
10 Crow Hollow Road
Vineyard Haven, MA 02568

**Re:   Mortgage Term Note dated October 1, 2009 in the original principal amount of $529,626.97 (the "Note")**

Ms. Devivo and Mr. Imbrogno:

We represent Gregory A. Hayes, as Trustee of the Louis S. Imbrogno. Jr. 2003 Dynasty Trust (the "Lender") in connection with the loan to Jennifer Devivo and Daniel B. Imbrogno (collectively, the "Borrowers"), as evidenced by the Note.

Pursuant to the terms of the Note, the Borrowers promised to pay the Lender: (1) the principal sum of $529,626.97, together with interest at the rate of 2.66% compounded annually; (2) all costs and expenses, including reasonable attorneys' fees incurred in collection of the Note, or any litigation or controversy arising from or connected with the Note; and (3) all taxes and duties assessed upon the Note and property known as 10 Crow Hollow Road, Vineyard Haven, Massachusetts ("the "Property").

The Note matured on October 1, 2015, obligating Borrowers to pay the entire principal amount of the Note and all accrued and unpaid interest.  Borrowers have failed to pay the amounts due under the Note (the "Outstanding Debt").  As of July 15, 2021, the total amount of principal and interest due on the note is $567,238.49.  Interest is accruing at $40.76 per day.

Please contact us to make arrangement for payment. Time is of the essence. The deadline to commence an action for breach of the Note is October 1, 2021. If Borrowers fail to pay the Outstanding Debt by July 31, 2021, Lender will have no choice but to commence a lawsuit to collect the Outstanding Debt based on Borrowers' breach of their obligations under the Note. As a reminder, Borrowers agreed in the Note to pay all costs and expenses incurred in the collection of the Note, including reasonable attorneys' fees.

It is our understanding that you are not represented by counsel at this time in connection with the Note or Outstanding Debt. If you are represented by counsel, please forward this correspondence to him or her immediately.

**PLEASE BE FURTHER ADVISED THAT THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**.

Pursuant to the Fair Debt Collection Practices Act, you are notified that:

1. The amount of the debt as of July 15, 2021 is $567,238.49.
2. The name of the creditor to whom the debt is owed is Gregory A. Hayes, as Trustee of the Louis S. Imbrogno. Jr. 2003 Dynasty Trust, c/o Day Pitney LLP, One Stamford Plaza, 7th Floor, 263 Tresser Boulevard, Stamford, CT 06901.[1]
3. Unless you, within thirty days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.
4. If you notify this office in writing within the thirty-day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt and a copy of such verification will be mailed to you, and we will provide you additional material described in 940 CMR 7.08(2).
5. Upon your written request within the thirty-day period, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Sincerely,

*/s/ Thomas J. O'Neill*

Thomas J. O'Neill

cc:

Gregory A. Hayes

---

[1] Day Pitney LLP was previously located at One Canterbury Green, Stamford, CT 06901.

109311435.1

-2-

.